# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ursula Karina Gomez Velazquez, | No. CV-25-02851-PHX-KML (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Fred Figueroa, et al., | |
| Respondents. | |

Petitioner Ursula Velazquez, who is currently confined in the Eloy Detention Center, filed a petition under 28 U.S.C. § 2241 and an ex parte motion for temporary restraining order. (Doc. 1, 2.) She then filed a motion for an expedited ruling on the ex parte motion for temporary restraining order. (Doc. 5.) The motion for temporary restraining order is denied and the motion for expedited ruling is accordingly denied as moot, but respondents must answer the petition.

Petitioner names as respondents Eloy Detention Center Warden Fred Figueroa; Immigrations and Customs Enforcement Acting Director Toddy Lyons and Field Office Director John Cantu; Department of Homeland Security Secretary Kristi Noem; and United States Attorney General Pam Bondi.

Petitioner alleges she is a citizen of Mexico who came to the United States as a child in 1988. (Doc. 1 ¶ 22.) She was trafficked and abused as a teenager. One of petitioner's abusers was killed and petitioner was "held criminally responsible" for his death. (Doc. 1 ¶¶ 27-39.) Petitioner was sentenced to prison and upon being released she was transferred

to ICE custody. (Doc. 1 ¶¶ 29, 51-52.) Petitioner is being held in Arizona. (Doc. 1 ¶ 55.) As of the date of her petition, petitioner has been detained for 372 days and believes she faces continued prolonged civil detention in dehumanizing conditions. Based on these facts, petitioner claims her prolonged detention violates her substantive and procedural due process rights. (Doc. 1 at 57-58.)

Petitioner requested an ex parte temporary restraining order.[1] (Doc. 2.) A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added); *see also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure."). The declaration submitted in support of the request for an ex parte restraining order does not establish petitioner will suffer irreparable injury before respondents can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Because the motion for a temporary restraining order fails to comply with Rule 65(b)(1)(A), it is denied without prejudice. Respondents must answer the petition.

**IT IS ORDERED**:

(1) Petitioner's *Ex Parte* Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(2) Petitioner's Motion for Expedited Ruling on Petitioner's *Ex Parte* Motion for Temporary Restraining Order (Doc. 5) is **denied as moot**.

(3) Counsel for petitioner must immediately serve the petition upon respondents.

(4) If not already issued, the Clerk's Office must issue any properly completed summonses.

---

[1] That motion significantly exceeded the applicable page limits. (Doc. 2.) All future motions must comply with the applicable page limits.

      (5)    The Clerk of Court must immediately transmit by email a copy of this order and a copy of the petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

      (6)    Respondents must answer the petition within twenty days of the date of service.

      (7)    Petitioner may file a reply within ten days from the date of service of the answer.

Dated this 25th day of August, 2025.

*[signature]*

**Honorable Krissa M. Lanham**
**United States District Judge**